**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| **TRAVELERS PERSONAL INSURANCE COMPANY a/s/o Joshua and Andrea Utterback** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. ________________________** |
| **SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,** | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, Travelers Personal Insurance Company (hereinafter "Travelers" or "Plaintiff"), as subrogee of Joshua and Andrea Utterback and, by and through its attorneys, Matthiesen, Wickert & Lehrer, S.C., and for its Complaint against the Defendants states as follows:

**PARTIES**

1. Joshua and Andrea Utterback (the "Insureds" or "Utterbacks") are Indiana residents who owned a property located at 4529 West County Road, 200 Street, Rockport, Indiana 47635 (the "Utterback Home"). Prior to the fire that made the basis of this lawsuit, the Insureds purchased a Travelers homeowner's policy of insurance, which policy was in force and effect at the time of the product failure and damage at issue in this lawsuit.

1. Travelers is an insurance company formed and existing under the laws of Minnesota and authorized to conduct business in Indiana, with its principal place of business

located in Connecticut. Travelers issued a homeowner's policy of insurance to the Insureds, policy number 614521033-633-1 (the "Policy"), insuring the Utterback Home, which was in effect at the time of the fire made the basis of this lawsuit as set forth herein.

2. Defendant Samsung Electronics Co., Ltd. ("SECL") is a South Korean multinational corporation located in Seoul, South Korea. SECL's principal place of business is located at 129, Samsung-Ro, YeongTong-Gu, Suwon-Si, Gyonggi-Do, 443-742, Republic of Korea. At all times relevant hereto, SECL was in the business of designing, manufacturing, selling and distributing home appliances throughout the United States and in Indiana. SECL does substantial and continuous business in the United States, including in Indiana, imports products to Indiana, makes considerable efforts to brand the "Samsung" name in Indiana, earns substantial money from Samsung products sold in Indiana, and otherwise conducts substantial business in Indiana. SECL's North America Headquarters are located in Ridgefield Park, New Jersey.

3. Defendant Samsung Electronics America, Inc. ("SEA") is a wholly owned subsidiary and alter ego of SECL. SEA is a New York Corporation with its headquarters located in Ridgefield Park, New Jersey. SEA's principal place of business is located at 85 Challenger Road, Ridgefield Park, New Jersey 07660-2118. SEA is registered to conduct business in Indiana with its registered agent being CT Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204. At all times relevant hereto, SEA was in the business of designing, manufacturing, selling, and distributing home appliances throughout the United States and in Indiana.

4. SECL and SEA (collectively "Defendants" or "Samsung") designed, manufactured, shipped, sold, distributed, marketed, and advertised the range at issue in this lawsuit, a Samsung Electric Slide-In Range, model number NE58F9500SS, serial number J1967DCG800481T (the "Range" or "Product").

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court, $75,000 (exclusive of interest and costs).

6. Each of the Defendants hereto does substantial business in the State of Indiana and has purposefully availed itself of the right and benefits of the State. Specifically, the Defendants each sell products in Indiana, including the Range at issue in this lawsuit, distribute products in Indiana, have customers in Indiana, market their products in Indiana, utilize Indiana roadways to distribute their products throughout the country, and otherwise have sufficient minimum contacts with the State of Indiana. Each Defendant also marketed, sold, distributed, and imported the Range to Indiana, and each Defendant has undertaken substantial efforts to build the "Samsung" brand in the State of Indiana.

7. Indeed, it is believed and therefore averred that, at all relevant times hereto, SEA was the alter ego, co-conspirator, assignee, agent, partner, servant, co-obligor, joint venture, or employee of SECL, and at all times relevant, acting within the course and scope of said relationship, agency, partnership, joint venture, or employment. SEA's actions and/or inactions as alleged herein were authorized, ratified, approved, or directed by SECL. In addition to its own liability, SECL is legally responsible for the acts of SEA on a vicarious liability and/or *respondeat superior* bases. SECL is legally and factually responsible for the acts of SEA and is therefore responsible for the damages alleged herein.

8. Each Defendant sold the product at issue in this case in Indiana, delivered it into the State, targeted consumers in Indiana, reached out to certain Indiana residents related to the

recall of their defective ranges, and otherwise purposefully availed themselves of the rights and privileges of the State of Indiana.

9. Each Defendant derives substantial revenue from selling, distributing, marketing, and advertising Samsung products in Indiana.

10. Jurisdiction is also proper based on 28 U.S.C. § 1331 as the Plaintiff brings claims under the Magnuson-Moss Warranty Act. The Court may exercise pendant jurisdiction over the non-federal claims included herein.

11. Venue is proper in this district based on 28 U.S.C. § 1391 as events giving rise to Plaintiff's claims occurred in this judicial district.

12. Each of the Defendants engaged in business activities in Indiana under Ind. R. Trial. P. 4.4, Indiana's long-arm statute.

**FACTUAL ALLEGATIONS**

13. The Insureds purchased and owned a Samsung Electric Slide-In Range, model number NE58F9500SS, serial number J1967DCG800481T (the "Range" or "Subject Range").

14. On or about May 18, 2024, the Range inadvertently activated and caused a fire at the Utterback Home (the "Fire").

15. The Fire originated on the Range and was caused by a defective and unreasonably dangerous condition of the Range.

16. The Range was prone to inadvertent activation because it is defective and could inadvertently activate by accidental contact by humans or pets.

17. The Fire occurred because the Range was inadvertently activated, which heated combustible materials near the burner and ignited on fire.

18. No one was in the Utterback Home at the time the Fire started.

19. The Range was not intentionally used on the day of the Fire.

20. Prior to May 18, 2024, the Insureds used the Range in the manner intended at the Utterback Home, and it was used in a manner reasonably foreseeable to the Defendants.

21. As a result of the inadvertent activation of the Range, the Utterback Home and personal property sustained damages of at least $173,723.77. The Insureds also lost the use of their home for a period of time.

22. Pursuant to the terms of the Policy issued to the Insureds, Travelers paid at least $173,723.77 to and on behalf of the Utterbacks as a result of the Fire and is therefore subrogated to the rights and benefits of the Utterback pursuant to the Policy.

23. On August 8, 2024, the Consumer Product Safety Commission ("CPSC") recalled the product at issue in this case, Samsung range model number NE58F9500SS and other ranges ("Samsung Slide-in Electric Ranges").

**COUNT I – PRODUCTS LIABILITY UNDER THE INDIANA PRODUCTS LIABILITY ACT**

24. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein at length.

25. At all times relevant here to, Samsung was in the business of designing, manufacturing, shipping, selling, distributing, marketing, and advertising kitchen appliances, including ranges and the Subject Range.

26. The Range was unreasonably dangerous at the time it left the possession and control of Defendants and at the time the Range was sold to the Utterbacks because:

a. The Range was designed and manufactured in such a way as to inadvertently activate by accidental contact from humans or pets;

b. The Range lacked adequate safety features or safeguards to prevent the Range from inadvertently activating and causing the Fire at the Utterback Home;

c. Defendants failed to properly inspect and test the Range to protect it against fire hazards;

d. The Range was designed and manufactured with the control knobs located at the front of the Range, making inadvertent or unintentional activation substantially likely through accidental contact by humans or pets;

e. The knobs on the Range were designed and manufactured with such low detent force, a small distance the knobs needed to travel to be turned to the "on" position, which is inadequate for such a purpose and which presented a substantial fire hazard;

f. The Range was designed and manufactured without adequate warning to intended users that it posed a substantial fire risk when used for the intended purpose in a residential settings; and/or

g. The Range was otherwise defective and unreasonably dangerous in its design, manufacture, assembly, and with respect to its warnings.

27. The aforementioned conditions rendered the Range a defective and unreasonably dangerous product as the Range exposed consumers, including the Utterbacks.

28. The Utterbacks were in the class of persons that the Defendants should reasonably foresee as being subject to the harm caused by the Range's defective conditions.

29. The Range reached the Insureds without substantial alteration in the condition in which the Range was sold by the Defendants.

30. Defendants had actual knowledge that the Range was defective in design and manufacturing, and that a loss, such as the Fire, had a substantial likelihood of occurring because of its defectiveness.

31. As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions or other such conditions, the Range inadvertently activated, causing the Fire at the Utterback Home, which caused significant smoke and fire-related property damage to the Utterback Home and other property located therein..

32. Defendants SECL and SEA designed and manufactured the Subject Range and are manufacturers under Indiana law, and are therefore strictly liable for the claims alleged herein.

33. Each of the Defendants sold the Range and placed it into the stream of commerce in a defective and unreasonably dangerous condition. More specifically, the Range malfunctioned by inadvertently activating, causing the Fire. Each of the Defendants failed to adequately warn owners and/or consumer and/or users, including the Insureds, of the Range's defects.

34. At all times relevant hereto, the Insureds used the Range in accordance to the manual and in a manner reasonably foreseeable to Defendants.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against the Defendants on Count I, in a manner to be determined by a jury, together with costs, and any further compensatory, and/or statutory damages, including interest, to which Plaintiff is entitled, and any further relief the Court deems equitable and just.

**COUNT II – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

35. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein at length.

36. The Subject Range was subject to an implied warranty of merchantability under Ind. Code Ann. § 26-1-2-314 and the Uniform Commercial Code, which was not excluded or modified and could not lawfully be excluded or modified.

37. The Subject Range did not comply with the warranty of merchantability because it was unfit for the ordinary purpose for which ranges and stove tops were used, as demonstrated by the fact the Subject Range was recalled and caused this Fire.

38. Defendants breached the implied warranty of merchantability as the Subject Range was defective in design that made it unreasonably dangerous as detailed herein.

39. Defendants' breach of implied warranty was a direct and proximate cause of the Plaintiff's harm and resulting damages.

40. The Subject Range was used in a reasonably foreseeable manner.

41. Defendants are liable to the Plaintiff for breach of the implied warranty of fitness under Ind. Code Ann. § 26-1-2-314 and UCC.

42. The Plaintiff provided Defendants with timely notice of their breach of warranty and of their intention to make the claim against the Defendants for their breach of warranty and for other wrongs. All necessary conditions precedent to filing this breach of warranty claim under the UCC and Ind. Code Ann. § 26-1-2-314, and all other claims brought herein, have been satisfied.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against the Defendants on Count II, in a manner to be determined by a jury, together with costs, and any further compensatory, and/or statutory damages, including interest, to which Plaintiff is entitled, and any further relief the Court deems equitable and just.

**COUNT III – VIOLATIONS OF THE MAGNUSON MOSS WARRANTY ACT – 15 U.S.C. § 2301 ET. SEQ.**

43. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein at length.

44. Defendants' ranges, including the Subject Range, are "consumer products" within the meaning of 15 U.S.C. § 2301.

45. The Plaintiff, as subrogee of the Insureds, is a "consumer" within the meaning of 15 U.S.C. § 2301.

46. Defendants made written and implied warranties regarding their ranges, including the Subject Range, to consumers, including the Utterbacks, within the meaning of 15 U.S.C. § 2301.

47. Defendants violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* by failing to comply with the implied warranties regarding their ranges, including the Subject Range, to consumers, including the Utterbacks, within the meaning of 15 U.S.C. § 2301.

48. Plaintiff sustained injury and damages as a result of Defendants' violations of their written and/or implied warranties.

49. Any notice requirements have been met by the Plaintiff or were unrequired by law.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against the Defendants on Count III, in a manner to be determined by a jury, together with costs, and any further compensatory, and/or statutory damages, including interest, to which Plaintiff is entitled, and any further relief the Court deems equitable and just.

Plaintiff respectfully demands a trial by jury.

Dated 30th day of June, 2025.

Respectfully submitted,

MATTHIESEN, WICKERT, & LEHRER, S.C.
Attorney for Plaintiff

By: *_/s/ Richard A. Schuster_*
Richard A. Schuster
Admitted to Practice

**P.O. Address:**
1111 East Sumner Street
P.O. Box 270670
Hartford, WI 53027-0670
PH.: (262) 673-7850
FAX: (262) 673-3766
Email: rschuster@mwl-law.com